Swift et al. *v.* Trustees of Schools.

RICHARD K. SWIFT et al., Plaintiffs in Error, *v.* TRUSTEES OF SCHOOLS OF TOWN 43, NORTH RANGE, 8 EAST, Defendants in Error.

ERROR TO McHENRY.

In a bill to foreclose a mortgage, brought against the mortgagor and his several grantees, it is not sufficient to sustain the allegation of notice of the mortgage, which has not been registered, to the subsequent grantees, by the testimony of one witness, where the said grantees deny, under oath, in their answers, all knowledge of the existence of such mortgage; the well established rule of equity being, that the testimony of one witness is not sufficient to overcome the positive denial of a material allegation of a bill.

THIS was a bill filed to foreclose a mortgage, by the defendants in error against the plaintiffs in error, in the McHenry Circuit Court, J. G. WILSON, Judge, at the September term, 1852, and a decree of foreclosure entered.

The complainants below filed this bill in chancery, to foreclose a mortgage made by Alexander H. Palmer and wife to them in 1844, on lands described in the bill. This mortgage was never filed for record.

The bill further charges, that Palmer subsequently sold the lands, and that the defendants Swift and Morris became purchasers of the same.

The bill charges, that Swift and Morris had notice of the prior incumbrance of the complainants' mortgage, and requires answer on oath; both of whom have answered on oath, expressly denying the charge of notice, and setting up a good consideration for their purchase.

To these answers there is a general replication.

An order appears, referring the case to a master; but there is no report of the master in the cause.

The bill was taken *pro confesso* as to all the defendants, except Swift and Morris, who filed sworn answers, as stated above.

The cause comes to hearing on the bill, answers, and replication aforesaid, as to Swift.

The decree recites no facts for its foundation, except the execution of the mortgage by Palmer and wife, and the non-payment of the money.

The decree is general against all the defendants; and is, that all the right, title, and interest, claim and demand of the several

defendants, be sold by the master in chancery; and that the complainants may become purchasers; and that, unless the defendants redeem within twelve months, the master execute a deed to the complainants.

No evidence or facts appear in the record in regard to the notice to defendants Swift and Morris, except their answers expressly denying notice, and the deposition of one witness, who testifies that Swift heard that the trustees of schools had a mortgage on the premises.

CHURCH and WILLARD, for plaintiffs in error.

C. McCLURE, for defendants in error.

TREAT, C. J. This was a bill in chancery to foreclose a mortgage, brought by the trustees of schools against Palmer, Rue, Morris, and Swift. The bill set forth the execution of a mortgage by Palmer to the complainants; a conveyance of the premises by Palmer to Rue, subject to the mortgage; a conveyance by Rue to Donnell; and a conveyance by the latter to Morris in trust for Swift, both of whom had notice of the mortgage. The bill was taken for confessed against Palmer and Rue. Morris and Swift, in their answers on oath, expressly denied all notice of the mortgage. A decree of foreclosure was entered, and Morris and Swift sued out a writ of error.

As the mortgage was not registered, the defendants had no notice of its existence from the records. The bill alleges, that the conveyance to Rue was made subject to the mortgage; and as the defendants derive title through him, it may perhaps be, that such a condition in the deed would operate as notice to them of the mortgage. But the deed was not produced in evidence, and there is nothing in the case to sustain this allegation. The only proof to establish the charge of notice, consists of the testimony of a single witness. That is not sufficient against the sworn statements of the answers. The allegation of notice is distinctly denied in the answers. That part of the answers is clearly responsive to the bill, and is evidence for the defendants. And it must prevail, unless the complainants sustained the charge of notice by two witnesses, or by one witness and strong corroborating circumstances. Such is the well established rule of equity. The testimony of one witness is not sufficient to overcome the positive denial of a material allegation of a bill. The effect of the answer is only neutralized by the opposing testimony of a single witness. It is but oath against

oath. Further testimony is necessary to incline the scale, and give a preponderance on the side of the complainant.

The decree is reversed, and the cause is remanded.

*Decree reversed.*